Keith **THEOBALD**, Jacqueline **Theobald**, Jacqueline **Theobald**, Guardian of K.T., Minor and J.T., Minor, Appellants,

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Appellee.**

No. 15A04–0108–CV–319.

Court of Appeals of Indiana.

Jan. 28, 2002.

---

## ORDER

Comes now the Appellee, by counsel, and files herein Verified Petition for Order Regarding the Appendix and Petition for Extension of Time, seeking an order from this Court to allow the Appellee the opportunity to check out from the Office of the Clerk of the Court, the Appellants' Appendix or in the alternative, to order the Appellants to duplicate a copy of the Appendix for service on the Appellee and further seeks an extension of time within which to file the brief of the Appellee;

Said Petition alleges that the Appellants did not serve the Appellee with a copy of the Appellants' Appendix; that upon the request for a copy, counsel for the Appellee was informed by counsel for the Appellants that no copy exists; that the Office of the Clerk of this Court has expressed an unwillingness to allow parties to check an Appendix out of the Clerk's Office and prays for an order compelling the Clerk of this Court to allow counsel for the Appellee to check out the previously filed Appendix for the purpose of drafting the briefs of the Appellee, or in the alternative, the Appellee requests an order from this Court requiring counsel for the Appellants to duplicate and serve upon the Appellee a copy of the Appendix and further requests an extension of time within which to file the brief of the Appellee.

The Court having examined said Petition, taking judicial notice of Appellate Rules 49, 50 and 51, noting that this is a civil case; noting that the Supreme Court of Indiana by an order issued by that court on September 24, 2001, has provided that in criminal appeals, copying of the Appendix and service thereof serves no useful purpose and that the Attorney General's Office is in a position to simply "check out" the Appendix from the Clerk's Office in the same manner as it currently checks out the transcript;

The Court further notes that pursuant to Appellate Rule 50(B) pertaining to Appendices in criminal appeals, the rule speaks in terms of the Appendix containing the clerk's record, which the Office of the Attorney General has interpreted as requiring the complete clerk's record but in Appellate Rule 50(A) concerning Appendices in civil appeals, the rule states the Appendix shall contain, *inter alia*, various items from the trial court clerk's record relating to the issues raised on appeal and pleadings and other documents from the clerk's record that are necessary for the resolution of the issues raised on appeal; thus, in a civil case, the Appendix may, or may not, contain the entire record depending on the issues sought to be raised on appeal by the appellant so that in a civil case, the appellee will not know the contents of the Appendix and therefore cannot make appropriate references in the brief of the appellee to the Appendix, including page numbers, in preparation of the brief of the appellee, unless counsel for the appellee sees the Appendix;

In addition, in a civil case, the appellee may also need to file a separate Appendix, if the Appendix of the appellant does not

support issues that the appellee may wish to raise on appeal; further, Appellate Rule 50(D), pertaining to supplemental Appendices, provides, in part, that supplemental Appendices shall not contain items contained in other Appendices; therefore, counsel for the appellee would not know if the appellee needs to file a supplemental Appendix until counsel sees the Appendix previously filed by counsel for the appellant.

Considering these matters, this Court now finds that the Appendix is analogous to the record of proceedings under our prior appellate rules and, with respect to being available for withdrawal by a party, should be released to a party by the Clerk in the same manner as was the record of proceedings.

After the filing with the Clerk of the Court of the former record of proceedings, each party was able to withdraw the record for preparing its brief. As noted by the Supreme Court of Indiana in its order of September 24, 2001, the appellate rules require that only one copy of the Appendix be filed; that the Clerk has therefore been requiring appellants to serve opposing counsel with a copy of the Appendix, but that in criminal appeals, the added copying and service serves no useful purpose. This Court believes the same should apply to civil appeals. In this Court's opinion there is no reason to require the appellant to incur the additional expense of preparing a duplicate of the Appendix to be provided for counsel for the appellee for use in preparing the appellee's brief and further the Court sees no reason why the Clerk should not be required to release the Appendix to counsel for each side during their briefing period as was the former practice for the record of the proceedings. In cases where the Appendix runs into multiple volumes, it seems particularly onerous to place the extra expense of copying the Appendix for use by the appellee on the appellant. The Court notes that in this particular case, the Clerk's docket shows that the Appendix is in four (4) volumes indicating that there are close to 1,000 pages of Appendix.

Having considered all of the above, the Court now FINDS AND ORDERS that the Appellee's Verified Petition requesting an order from this Court compelling the Clerk of this Court to allow counsel for the Appellee to check out the Appellants' Appendix for use in preparing the brief of the Appellee in this case is GRANTED, and the Clerk of this Court is directed to release the Appendix in this case, in four (4) volumes, for use by the Appellee in preparing the brief of the Appellee in this appeal;

It is further ORDERED that in all other civil cases in which counsel for the appellee requests the Appendix for use in preparing the brief of the appellee, the Clerk of this Court is directed to release the Appendix to counsel for the appellee for that purpose;

It is further ORDERED that the Appellee is granted thirty-five (35) days from the date of this order within which to file its answer brief and to return to the Clerk of this Court the Appendix.

SHARPNACK, BAILEY, J.J., GARRARD, SR.J., concur.